**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
  RICARDO VELASQUEZ,

       *Plaintiff*,

   -*against*-

  LEMAGE INC., a New York corporation, d/b/a
  Quartino Bottega Organica,
       *Defendants*.
-------------------------------------------------------------------X

Case No.: 1:19-cv-06912

**ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

  Defendant LEMAGE INC., a New York corporation, d/b/a Quartino Bottega Organica (the "**Defendant**"), by and through their undersigned attorneys, Levin-Epstein & Associates, P.C., as and for their answer and affirmative defenses to the Complaint, dated July 24, 2019, (the "**Complaint**") of Ricardo Velasquez (the "**Plaintiff**"), hereby admit, deny and allege as follows:

## JURISDICTION AND PARTIES

  1. The allegations contained in paragraph "1" of the Complaint set forth legal conclusions for which no response is required.

  2. The allegations contained in paragraph "2" of the Complaint set forth legal conclusions for which no response is required.

  3. The allegations contained in paragraph "3" of the Complaint set forth legal conclusions for which no response is required.

  4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4"of the Complaint.

  5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5"of the Complaint.

  6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6"of the Complaint.

## **COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

7. No response is required to the statement set forth in paragraph "7" of the Complaint.

8. No response is required to the statement set forth in paragraph "8" of the Complaint.

9. No response is required to the statement set forth in paragraph "9" of the Complaint.

10. The allegations contained in paragraph "10" of the Complaint set forth legal conclusions for which no response is required.

11. The allegations contained in paragraph "11" of the Complaint set forth legal conclusions for which no response is required.

12. Defendant denies the allegations contained in paragraph "12" of the Complaint.

13. Defendant denies the allegations contained in paragraph "13" of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14"of the Complaint.

15. The allegations contained in paragraph "15" of the Complaint set forth legal conclusions for which no response is required.

16. Defendant denies the allegations contained in paragraph "16" of the Complaint.

17. Defendant denies the allegations contained in paragraph "17" of the Complaint.

18. Defendant denies the allegations contained in paragraph "18" of the Complaint.

19. The allegations contained in paragraph "19" of the Complaint set forth legal conclusions for which no response is required.

20. The allegations contained in paragraph "20" of the Complaint set forth legal conclusions for which no response is required.

**COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

21. The allegations contained in paragraph "21" of the Complaint set forth legal conclusions for which no response is required.

22. Defendant denies the allegations contained in paragraph "22" of the Complaint.

23. No response is required to the statement set forth in paragraph "23" of the Complaint.

**COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

24. No response is required to the statement set forth in paragraph "24" of the Complaint.

25. The allegations contained in paragraph "25" of the Complaint set forth legal conclusions for which no response is required.

26. The allegations contained in paragraph "26" of the Complaint set forth legal conclusions for which no response is required.

27. The allegations contained in paragraph "27" of the Complaint set forth legal conclusions for which no response is required.

28. No response is required to the statement set forth in paragraph "28" of the Complaint.

**COUNT IV – VIOLATION OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK**

29. Defendant denies the allegations contained in paragraph "29" of the Complaint.

30. Defendant denies the allegations contained in paragraph "30" of the Complaint.

31. Defendant denies the allegations contained in paragraph "31" of the Complaint.

32. Defendant denies the allegations contained in paragraph "32" of the Complaint.

33. Defendant denies the allegations contained in paragraph "33" of the Complaint.

34. Defendant denies the allegations contained in paragraph "34" of the Complaint.

35. Defendant denies the allegations contained in paragraph "35" of the Complaint.

36. Defendant denies the allegations contained in paragraph "36" of the Complaint.

37. Defendant denies the allegations contained in paragraph "37" of the Complaint.

## ATTORNEYS' FEES AND COSTS

38. Defendant denies the allegations contained in paragraph "38" of the Complaint.

39. The allegations contained in paragraph "39" of the Complaint set forth legal conclusions for which no response is required.

## DAMAGES

40. No response is required to the statement set forth in paragraph "40" of the Complaint.

## INJUNCTIVE RELIEF

41. The allegations contained in paragraph "41" of the Complaint set forth legal conclusions for which no response is required.

## PRAYER FOR RELIEF

42. Defendant denies that Plaintiff is entitled to any relief sought in the "WHEREFORE" clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

43. Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiff, if there were any, have been or will be remediated when this action is finally adjudicated.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

45. Plaintiff's Complaint, which fails to allege when Plaintiff visited the location, is barred to the extent the claims stated in the Complaint are based on one or more visits to the location prior to the applicable statute of limitations

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred to the extent that, with respect to any particular architectural element of the location that departs from accessibility guidelines, the location has provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred because the claimed violations are de minimis and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred because the barrier removal Plaintiff seeks under the ADA in the facilities built before January 26, 1993 is not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense when taking into account the cost of removal, Defendant's financial resources, and the effect on Defendant's operations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

49. Plaintiff's claims are barred to the extent that the barrier removal Plaintiff seeks involve features of the location that were built before January 26, 1993 and were not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard,

including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration".

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims that the location was designed in violation of the ADA or Title 24 are barred to the extent that the location was designed and constructed before the effective date of the ADA, Title 24, or their regulations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims for damages alleged in the Complaint are limited by Defendant's good faith reliance upon reasonable interpretations of New York State and New York City law by local building authorities and issuance of appropriate building permits and certificates of occupancy for facility at issue.

### AS AND FOR A TENTH DEFENSE

52. Plaintiff has failed to mitigate or to reasonably attempt to mitigate her damages, her entitlement thereto being expressly denied.

### AS AND FOR AN ELEVENTH DEFENSE

53. Plaintiff's claims are barred to the extent they rely on an alleged barrier where the extent of any alleged variance from the applicable regulations and standards does not exceed the range of allowable construction tolerance at the time of construction.

### AS AND FOR A TWELFTH DEFENSE

54. Plaintiff's Complaint and all purported claims for relief alleged in Plaintiff's Complaint are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes under which Plaintiff has sued.

## AS AND FOR A THIRTEENTH DEFENSE

55. Plaintiff's Complaint and all purported claims for relief alleged in Plaintiff's Complaint are barred in whole or in part because Plaintiff's injury or injuries, which are expressly denied

## AS AND FOR A FOURTEENTH DEFENSE

56. Plaintiff has failed to properly allege standing to assert any or all of the claims alleged in the Complaint because, upon information and belief, Plaintiff has not been to the Property and has not been denied the full and safe access to all of the benefits, accommodation, and services at the Property.

57. Plaintiff does not set forth any date(s) or time(s) at which Plaintiff alleges to have visited the Property.

58. Plaintiff does not set forth any date(s) or time(s) at which Plaintiff alleges to have been denied access to the Property.

59. Plaintiff does not set forth any date(s) or time(s) at which Plaintiff alleges to have asked for and been denied access to the Property.

60. Plaintiff does not set forth whether he sought to see if the modifications sought to the Property are reasonable, readily achievable, technically feasible, and would not cause a significant loss.

## AS AND FOR A FIFTEENTH DEFENSE

61. Plaintiff's Complaint and all purported claims for relief alleged in Plaintiff's Complaint are barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions.

## AS AND FOR A SIXTEENTH DEFENSE

62. Defendant is not liable to Plaintiff for any alleged discrimination under the Administrative Code and the Executive Law because it exercised reasonable care to prevent any such behavior and Plaintiff unreasonably failed to take advantage of the corrective opportunities provided by Defendant and to otherwise avoid harm.

## AS AND FOR A SEVENTEENTH DEFENSE

63. Plaintiff's claims are barred and/or limited by the after-acquired evidence doctrine

## AS AND FOR AN EIGHTEENTH DEFENSE

64. Upon information and belief, Plaintiff has never been to, or attempted to enter the Property prior to the commencement of the action.

## AS AND FOR A NINETEENTH DEFENSE

65. Defendant has taken appropriate measures to provide reasonable accommodations at the Property to those with disabilities.

66. Prior to the commencement of this action, reasonable accommodations of access have been in place and available at the Property for those individuals with disabilities.

67. Prior to the commencement of this action, Defendant made reasonable modifications to the Property that are readily achievable, technically feasible, and would not cause a significant loss.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

68. The court should take judicial notice of the number of "cut and paste pleadings" filed by Plaintiff and his counsel.

69. The court should take further judicial notice that on the same day this action was filed, Plaintiff also filed Velasquez v. DRT Group, LLC et al, 1:19-cv-06891-KPF, along with no

less than nine other cases filed in the SDNY. Each of these other actions have the substantially similar "cut and paste pleadings" with the only substantive difference being the changing of the named Defendants.

### AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE

70. An award of attorneys fees for Plaintiff's counsel and costs is inappropriate.

71. The court should take judicial notice of the Memorandum and Order dated December 8, 2016, of Hon. Sterling Johnson, Jr. in the Eastern District Case, *CANKAT v. 41st AVENUE RESTAURANT CORP.*, 15-CV-4963 [EDNY 2016] (the "**Cankat Decision**"), where Judge Johnson found that a reasonable billing rate for cut and paste pleadings and litigations of a "serial filer" whose cases are ""litigated"… with but a few key strokes, substituting one business address for another (though not always)" was $200.00 per hour with only a total of 2.3 hours of work performed (which included one hour for a court appearance).

72. The court should also take judicial notice of *Costello v. Liquor Town, Inc.*, 11-Civ-282 (JG) (JMA) where Judge Gleeson adopted Magistrate Judge Azrack's report and recommendation for requested attorneys' fees, and costs recommended that plaintiff counsel's hourly rate be reduced from $425 to $275 and that many of the hours expended should be reduced as "excessive."

73. The court should also take judicial notice of *Costello v. Flatman, LLC* 11-Civ-287(SJ)(VVP)[1] where Magistrate Judge Sterling Johnson, Jr. found an appropriate billing rate for Plaintiff's Counsel to be $200 per hour.

74. The court should also take judicial notice of the Memorandum and Order dated March 28, 2013, of Hon. Sterling Johnson, Jr. in the Eastern District Case *Costello v. Flatman,*

---

[1] *Costello v. Flatman, LLC*, was appealed and reversed on other grounds not related to the finding of the hourly rate for Plaintiff's Counsel being $200.00 per hour (*Costello v. Flatman, LLC*, 558 Fed. Appx. 59 [2d Cir. 2014]).

*LLC* 11-Civ-287(SJ)(VVP) where a modus operandi of conduct of Plaintiff's Counsel in Federal Courts around the Country was cited as a means of mitigating Plaintiff's claim for legal fees.[2]

75. Plaintiff's Complaint is barred under the theories of champerty, barratry and Rules of Professional Conduct Rule 8.4.

## RESERVATION OF RIGHTS

76. Defendant reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims.

## COUNTERCLAIM

77. Defendant has retained the Law Offices of Levin-Epstein & Associates P.C. and has agreed to pay it a reasonable fee for its services. Pursuant to 28 U.S. C. §1927, 42 U.S.C. §12205, and 42 U.S. Code § 2000a–3(b) (based upon Plaintiff's demand for injunctive relief), Defendant is entitled to recover attorneys' fees and costs incurred in this action in the event it is deemed a prevailing party in this action, or otherwise demonstrate entitlement to fees under said statutes.

78. Upon information and belief, Plaintiff has never been to the Property.

79. Upon information and belief, Plaintiff has not suffered damages and does not have standing to bring this action.

80. Defendant has reasonably complied with the Americans with Disabilities Act and the readily achievable standards for accessibility.

---

[2] Judge Johnson's Decision and Order was vacated by the Court of Appeals (*Costello v. Flatman, LLC*, 558 Fed. Appx. 59 [2d Cir. 2014]); however, Plaintiff's counsel ultimately withdrew their application for legal fees upon remand to the EDNY (*Costello v. Flatman, LLC*, Document 45, 11-Civ-287[SJ][VVP].

81. Plaintiff's Complaint fails to state a cause of action against Defendant upon which relief may be granted.

82. Defendant is entitled to judgment against Plaintiff dismissing the Complaint and awarding judgment in favor of Defendant on all defenses.

83. Defendant requests a judgment against Plaintiff for the reasonable attorney's fees, litigation expenses, and costs in an amount to be determined by the Court.

**WHEREFORE**, Defendant demands judgment in their favor:

(a) denying Plaintiff is entitled to the relief for which he prays on behalf of themselves or any other individual or to any other relief.

(b) dismissing the Complaint against Defendant on the merits with prejudice and in its entirety, and granting the costs and disbursements of this action; and

(c) awarding Defendant their costs and disbursement, including reasonable attorneys' fees incurred in the action; and

(d) granting Defendant such other and further relief as the Court may deem just and proper.

Dated: October 24, 2019
      New York, New York

By: /s/*Joshua D. Levin-Epstein*
Joshua D. Levin-Epstein, Esq.
1 Penn Plaza, Suite 2527
New York, New York 10119
Telephone: (212) 792-0046
Facsimile: (212) 563-7108
Email: joshua@levinepstein.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2019, I electronically filed the foregoing Answer with Affirmative Defenses with the Clerk of the District Court using the CM/ECF system, which sent notification to all parties registered to receive notice via that service, including:

>THE WEITZ LAW FIRM, P.A.
>Bank of America Building
>18305 Biscayne Blvd., Suite 214
>Aventura, Florida 33160

>/s/*Joshua D. Levin-Epstein*
>Joshua D. Levin-Epstein, Esq.