ITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO VELASQUEZ,

    Plaintiff,

vs.

LEMAGE INC., a New York corporation,
d/b/a QUARTINO BOTTEGA ORGANICA,

    Defendants.
_____/

CASE NO: 1:19-cv-06912-RA

**JOINT LETTER SUBMITTED PURSUANT TO INITIAL PRETRIAL CONFERENCE ORDER**

Dear Judge Abrams,

    This letter is jointly submitted by the parties pursuant to your Order for an Initial Pre-trial Conference [D.E. 5], dated July 29, 2019.  The Initial Pretrial Conference is scheduled for Thursday, November 21, 2019 at 2:45 p.m.

**Plaintiff's Statement**

    (1)    Plaintiff filed this action for declaratory and injunctive relief pursuant to Article III of the Americans with Disabilities Act ("ADA"), alleging violation of the ADA and parallel New York State and City laws on the Defendant's property.

    (2)    Plaintiff invokes the jurisdiction of the Court pursuant to 28 U.S.C. §1331. Plaintiff also invokes supplemental jurisdiction over Plaintiff's claims under the New York Executive Law and the New York City Administrative Code pursuant to 28 U.S.C. § 1367.  The place of incorporation and the principal place of business for the defendant is New York.

    (3)    There are no contemplated motions at this time.

    (4)    No discovery has occurred as of this date.  At this time, discovery is unnecessary to engage in meaningful settlement negotiations.

    (5)    The parties have not initiated settlement discussions at this time.

    (6)    The length of the trial is estimated to be between 2-3 days.

    (7)    Plaintiff is not aware of any other additional information at this time which may assist the parties in resolving this action.

**Defendant's Statement**

1. **A brief description of the case, including the factual and legal bases for the claim(s) and defense(s).**

   Based on the Complaint, Plaintiff, who uses a wheelchair, alleges that on an unspecified date he was denied full and equal access to and enjoyment of the restaurant located at 11 Bleecker Street, New York, New York 10012 (the "**Premises**"), claiming violation of the Americans with Disabilities Act (ADA) and its State and NYC counterparts. The defendant that operates the Premises assert that: the building is located in a Historic District, governed by the City of New York's Landmarks Law, which cannot be modified structurally to comply with the ADA. Moreover, additional physical and architectural limitations entail structural "barrier" removal that is not "readily achievable"[1] and an "undue burden"[2] within the meaning of the ADA, if not an impossibility.

2. **The basis for subject matter jurisdiction.**

   Plaintiff asserts federal question jurisdiction under 28 U.S.C. §§ 1331 & 1343 and supplemental jurisdiction. Lemage Inc. is a New York corporation, with a principle place of business at 11 Bleecker Street, New York, New York 10012.

3. **Any contemplated motions.**

   There are no current existing motions or outstanding requests to file motions, however Defendants contemplate motions for summary judgment at an appropriate stage of the case.

---

[1] The term "readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable, factors to be considered include: (A) the nature and cost of the action needed under this chapter; (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility; (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. 42 U.S.C. § 12181(9).

[2] Undue burden means significant difficulty or expense. In determining whether an action would result in an undue burden, factors to be considered include: (1) The nature and cost of the action needed under this part; (2) The overall financial resources of the site or sites involved in the action; the number of persons employed at the site; the effect on expenses and resources; legitimate safety requirements that are necessary for safe operation, including crime prevention measures; or the impact otherwise of the action upon the operation of the site; (3) The geographic separateness, and the administrative or fiscal relationship of the site or sites in question to any parent corporation or entity; (4) If applicable, the overall financial resources of any parent corporation or entity; the overall size of the parent corporation or entity with respect to the number of its employees; the number, type, and location of its facilities; and (5) If applicable, the type of operation or operations of any parent corporation or entity, including the composition, structure, and functions of the workforce of the parent corporation or entity. ADA Title III Regulation 28 CFR Part 36 section 36.104.

4. **Description of Discovery**

   No formal discovery has been exchanged. Informal discovery into: (a) the accessibility features that currently exist at the Premises, and (b) the Premises' designation as a landmarked building in a Historical District will be necessary for the parties to engage in meaningful settlement negotiations.

5. **The Prospect of Settlement**

   No settlement discussions have commenced exchanged. Settlements in cases of this type usually involve some type of practical measures such as portable ramps and/or other "readily-achievable" measures.[3] However, not only is "barrier" removal structurally impossible at the Premises, but a permanent ramp is not a practical solution because this would be extremely dangerous. A handicap buzzer, temporary ramp, as well as personal assistance by staff of the restaurant already remains the only reasonable accommodation available for disabled individuals who wish to patronize the Premises.

6. **Estimated Length of Trial**

   Defendant estimates 2-3 days

7. **Other Information**


Respectfully submitted,

| | |
|---|---|
| By: _S/ B. Bradley Weitz_<br>B. Bradley Weitz, Esq.<br>The Weitz Law Firm, P.A.<br>Bank of America Building<br>18305 Biscayne Blvd., Suite 214<br>Aventura, FL 33160<br>Telephone: (305) 949-7777<br>Facsimile: (305) 704-3877<br>Email: bbw@weitzfirm.com<br>Attorney for Plaintiff | By: _S/ Eunon Jason Mizrahi_<br>Eunon Jason Mizrahi, Esq.<br>Levin-Epstein & Associates, P.C.<br>1 Penn Plaza, Suite 2527<br>New York, NY 10019<br>Telephone: (212) 792-0048<br>Facsimile: (212) 563-7108<br>Email: jason@levinepstein.com<br>Attorneys for Lemage Inc. |

---

[3] Subsection (a) of section 36.304 of the ADA Regulations provides that "[a] public accommodation shall remove architectural barriers in existing facilities, including communication barriers that are structural in nature, where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense" and subsection (b) provides "[e]xamples of steps to remove barriers" such as "[i]nstalling ramps" and "[w]idening doors," but ADA ramp specifications require a 1:12 ramp slope ratio, which is impossible to achieve here, nor is anything else provided among the examples, nor analogously

        By: <u>S/ Joshua Levin-Epstein</u>
            Joshua Levin-Epstein, Esq.
            Levin-Epstein & Associates, P.C.
            1 Penn Plaza, Suite 2527
            New York, NY 10019
            Telephone: (516) 343-0542
            Email: joshua@levinepstein.com
            Attorneys for Lemage Inc.