```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                         :
                                                                         :
RICARDO VELASQUEZ,                                                       :
                                                                         :        19 Civ. 06912 (RA)
        Plaintiff,                                                       :
                                                                         :        CIVIL CASE
                                                                         :        MANAGEMENT PLAN
vs.                                                                      :        AND SCHEDULING
                                                                         :        ORDER
                                                                         :
LEMAGE INC., a New York corporation,                                     :
d/b/a QUARTINO BOTTEGA ORGANICA,                                         :
                                                                         :
                                                                         :
        Defendants.                                                      :
                                                                         :
------------------------------------------------------------------------ X
```

RONNIE ABRAMS, United States District Judge:

Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order:

1. All Parties [consent _____ / do not consent __√__) to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remainder of the Order need not be completed at this time*.]

2. The parties [have _____ / have not __√__] engaged in settlement discussions.

3. This case [is _____ / is not __√__] to be tried to a jury.

4. No additional parties may be joined after __12/23/19__ without leave of the Court.

5. No amendments to the pleadings may be made after __12/23/19__ without leave of the Court.

6. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than __12/5/19__. [*Absent exceptional circumstances, within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f)*.]

7. All fact discovery is to be completed no later than __3/20/20__. [*A period not to exceed 120 days unless the case presents unique complexities or other exceptional circumstances*.]

8. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

    a. Initial requests for production of documents shall be served by __1/6/20__.

    b. Interrogatories shall be served by __1/6/20__.

    Interrogatories per LCR 33.3 (b) and (c) may be served any time during the discovery period.

    c. Depositions shall be completed by __2/19/20__.

    d. Requests to Admit shall be served no later than __2/4/20__.

9. All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by __5/4/20__. [The parties shall be prepared to describe their contemplated expert discovery and the bases for their proposed deadlines at the initial conference.]

10. All discovery shall be completed no later than __5/18/20__.

11. The Court will conduct a post-discovery conference on _____ at _____. [To be completed by the Court.] No later than one week in advance of the conference, the parties are to submit a joint letter updating the Court on the status of the case, including but not limited to whether either party intends to file a dispositive motion and what efforts the parties have made to settle the action.

12. Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 6 of the Court's Individual Rules and Practices shall be due thirty (30) days from the close of discovery, or if any dispositive motion is filed, thirty (30) days from the Court's decision on such motion. This case shall be trial ready sixty (60) days from the close of discovery or the Court's decision on any dispositive motion.

13. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

    a. __√__ Referral to a Magistrate Judge for settlement discussions.

    *Defendants respectfully request this case be referred to a magistrate judge for a settlement conference shortly following the Initial Case Conference.*

  b.  __√__ Referral to the Southern District's Mediation Program. [*Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 13(b).*]

  ***Plaintiff's preference is a referral to the Southern District's Mediation program within 60 days, or before.***

  c.  _____ Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

14. The parties have conferred and their present best estimate of the length of trial is __2-3 days__ .

SO ORDERED.

Dated: _____
   New York, New York

                _____
                Ronnie Abrams
                United States District Judge