# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

RICARDO VELASQUEZ,                    CASE NO: 1:19-cv-06912- RA-KHP

      Plaintiff,

vs.

LEMAGE INC., a New York corporation, d/b/a
QUARTINO BOTTEGA ORGANICA,

      Defendant.

_____/

### PLAINTIFF'S MOTION FOR LEAVE OF THE COURT
### TO FILE SECOND AMENDED COMPLAINT AND
### INCORPORATED MEMORANDUM OF LAW

Plaintiff, RICARDO VELASQUEZ (hereinafter, the "Plaintiff"), by and through his undersigned counsel, hereby respectfully files Plaintiff's Motion for Leave of Court to Amend the Amended Complaint (hereinafter, the "Motion"), and in support thereof states:

1.    The Plaintiff filed a Complaint [D.E. 1] on July 24, 2019.

2.    Said Complaint sues LEMAGE INC., a New York corporation, d/b/a QUARTINO BOTTEGA ORGANICA, for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA").

3.    On November 22, 2019, Plaintiff filed it Amended Complaint [D.E. 19].

4.    In accordance with Your Honor's June 10, 2020 verbal order after the Settlement Conference, on June 11, 2020, Defendant's counsel provided Plaintiff's undersigned counsel with the name of the corporate entity that is their landlord MGGM LLC, at the subject facility, which information was not previously available to the Plaintiff, as the tenant LEMAGE INC.'s lease is not recorded in a public record.

5.      Moreover, Defendant had failed to previously disclose landlord's corporate entity, as further discussed herein. Specifically, undersigned counsel had propounded Plaintiff's First Set of Interrogatories and Production Requests on Defendant's counsel almost six (6) months ago on December 27, 2020 (see attached Exhibit "B", evidencing same), but, to date, Defendant's counsel has failed to provide any response.

6.      Moreover, Defendant's counsel has also not responded to undersigned's recent inquiry requesting a reason why they have failed to respond to any of said written discovery requests, which would have resulted in Defendant providing the landlord's corporate entity much earlier in this matter.

7.      Defendant's counsel's pattern of non-responsiveness is also evidenced by his previous failure to timely provide undersigned counsel with the Court ordered "details of remediation that have taken place and any remediations to be completed" by the January 8, 2020 deadline [D.E. 29], and/or any of his client's financials, until just earlier today.

8.      Within the aforementioned unanswered written discovery requests, Plaintiff had specifically requested a copy of Defendant's lease and the names of the entities that operate/own the subject facility, which would have expeditiously provided us with the landlord's corporate entity.

9.      Defendant's failure to timely respond to the written discovery requests has resulted in delays and necessitated our request during the recent Court Conference that Defendant provide us with the landlord's corporate entity, as well as their client's overdue financial information.

10.     In this ADA-related matter, the landlord, MGGM LLC, is an indispensable party for two compelling reasons.  First, in virtually every commercial lease, the tenant is required to obtain the landlord's consent to make architectural or physical modifications to the property (*i.e.-*

ADA compliance remediations), which modifications would include the installation of an exterior permanent ramp, as well as other various interior remediations sought by the Plaintiff in this action.

11.     Second, under the ADA, there is joint and several liability, between the tenant and landlord, to the Plaintiff for ADA modification obligations.   Specifically, in support of the foregoing, the Americans with Disabilities Act, ADA Title III Technical Assistance Manual Covering Public Accommodations and Commercial Facilities published by the U.S. Department of Justice, November 19, 1993, in Section III-1.2000, states:

> "Public accommodations. The broad range of title III obligations relating to "places of public accommodation" must be met by entities that the Department of Justice regulation labels as "public accommodations." In order to be considered a public accommodation with title III obligations, an entity must be private, and it must -- Own; Lease; Lease to; or Operate a place of public accommodation… Do both a landlord who leases space in a building to a tenant and the tenant who operates a place of public accommodation have responsibilities under the ADA?  **Both the landlord and the tenant are public accommodations and have full responsibility for complying with all ADA title III requirements applicable to that place of public accommodation** [emphasis added]. The title III regulation permits the landlord and the tenant to allocate responsibility, in the lease, for complying with particular provisions of the regulation. However, any allocation made in a lease or other contract is only effective as between the parties, and both **landlord and tenant remain fully liable for compliance with all provisions of the ADA relating to that place of public accommodation** [emphasis added]."

12.     The additional landlord/Defendant entity to Plaintiff's Amended Complaint to be named is MGGM LLC, a New York limited liability company.

13.     As such, Plaintiff seeks to file a Second Amended Complaint (see attached hereto, Exhibit "A") to include this new Defendant.

14.     The undersigned has conferred with counsel for Defendant, LEMAGE INC., who objects to the filing of this motion.

15.     The undersigned counsel hereby respectfully requests Leave of Court to file said Second Amended Complaint, adding the aforementioned landlord/Defndant, namely, MGGM LLC.

WHEREFORE, Plaintiff, and Plaintiff's counsel, respectfully requests the Court grant Plaintiff's Motion for Leave to File an Amended Complaint.

## <u>MEMORANDUM OF LAW</u>

The prevailing case law is in favor of the Court freely granting parties leave to amend and such leave should be 'freely given,' *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, courts in this Circuit grant leave to amend unless the opposing party shows either undue prejudice or bad faith on the part of the moving party. *Advanced Portfolio*, 1996 WL 51190 at *2 (citing *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993)); *Innomed Labs, LLC v. Alza Corp.,* No. 01 Civ. 8095 (HB), 2002 WL 1628943 at *2 (S.D.N.Y. July 23, 2002) (quoting Block, 988 F.2d at 350).

Moreover, since "the purpose of amending a pleading 'is to assert matters that were overlooked or were unknown . . . . at the time . . . [of the] original complaint,'" (*Smiga v. Dean Witter Reynolds, Inc.* 766 F.2d 698, 703 (2d Cir. 1985) (quotation omitted) and *Greenwald v. American Medcare Corp.,* 666 F. Supp. 489, 492 (S.D.N.Y. 1987)), it is both acceptable and common for a party to move to amend based on matters learned since the commencement of the action. See, e.g., *Tokio Marine and Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101,103 (2d Cir. 1986) (after defendants learned of waiver provisions of construction contract, they should have been permitted to amend their answer to assert a waiver defense); *State Teachers Retirement Bd. v. Fluor Corp.* 654 F.2d 843, 85556 (2d Cir. 1981).

In line with the aforementioned case law, the identity of the landlord's corporate entity has only recently been disclosed or "learned" and was previously "unknown."

Importantly, there is no prejudice whatsoever to the current tenant/Defendant since, to date, no substantive discovery has been conducted (other than Defendant's failure to respond to Plaintiff's aforementioned written discovery demands), and the discovery schedule has also been recently extended until October 2, 2020 [D.E. 41], which schedule is sufficient to prosecute this matter against the new landlord/Defendant.

Furthermore, since the delay in obtaining the landlord's corporate entity is largely due to Defendant's failure to respond to Plaintiff's aforementioned written discovery requests, there is no "bad-faith" by the Plaintiff, and Defendant's failure to respond should not be rewarded.  In addition, for Court efficiency and to avoid eventual consolidation, it would not be as effective to require the Plaintiff to file a separate suit against the landlord, and instead such landlord/Defendant should be included in this pending action since both the landlord and tenant are jointly and severally liable.

## **CONCLUSION**

For the aforementioned reasons, Plaintiff respectfully seeks leave to file a Second Amended Complaint to include the indispensable landlord, MGGM LLC, as a second defendant in this action.  A copy of the proposed Second Amended Complaint is also attached hereto as Exhibit "A."  This motion is made following the conference of counsel, which took place on June 10, 2020.

Dated: This 13th day of June, 2020.

Respectfully submitted,

By:  /S/ B. Bradley Weitz, Esq.
    Bradley Weitz, Esq. (BW9365)
    THE WEITZ LAW FIRM, P.A.
    Attorney for Plaintiff
    Bank of America Building
    18305 Biscayne Blvd., Suite 214
    Aventura, Florida 33160
    Telephone: (305) 949-7777
    Facsimile: (305) 704-3877
    Email: bbw@weitzfirm.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RICARDO VELASQUEZ,                                 CASE NO: 1:19-cv-06912- RA-KHP

      Plaintiff,

vs.

LEMAGE INC., a New York corporation, d/b/a
QUARTINO BOTTEGA ORGANICA,

      Defendant.

_____/

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 13, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /S/ B. Bradley Weitz, Esq.
     Bradley Weitz, Esq. (BW9365)
     THE WEITZ LAW FIRM, P.A.
     Attorney for Plaintiff
     Bank of America Building
     18305 Biscayne Blvd., Suite 214
     Aventura, Florida 33160
     Telephone: (305) 949-7777
     Facsimile: (305) 704-3877
     Email: bbw@weitzfirm.com

## SERVICE LIST

Velasquez v. Lemage Inc., et al.
Case No.: 1:19-cv-06912- RA-KHP
United States District Court, Southern District of New York

Jason Mizrahi, Esq.
Levin-Epstein & Associates, P.C.
1 Penn Plaza, Suite 2527
New York, NY 10019
Telephone: (212) 792-0048
Facsimile: (646) 786-3170
Email: jason@levinepstein.com
Attorneys for Lemage Inc.
**VIA CM/ECF**

Joshua Levin-Epstein, Esq.
Levin-Epstein & Associates, P.C.
1 Penn Plaza, Suite 2527
New York, NY 10019
Telephone: (212) 792-0046
Fax: (646) 786-3170
Email: jason@levinepstein.com
Attorneys for Lemage Inc.
**VIA CM/ECF**