# THE WEITZ LAW FIRM, P.A.

Bank of America Building<br>
18305 Biscayne Blvd., Suite 214<br>
Aventura, Florida 33160

October 1, 2020

**VIA CM/ECF**
Honorable Magistrate Judge Katherine H. Parker
United States District Court
Southern District of New York
500 Pearl Street - Courtroom 17D
New York, New York 10007

     **Re:**  Velasquez v. Lemage Inc., d/b/a Quartino Bottega Organica et al.
        Case 1:19-cv-06912-RA

Dear Judge Parker:

  Pursuant to the Scheduling Order [D.E. 47], dated August 20, 2020, requesting a joint status letter by September 30, 2020, the parties state as follows.

  As agreed at the August 19, 2020 Status Conference, Plaintiff promptly filed the Second Amended Complaint, adding the second landlord/defendant who was promptly served on August 28, 2020 [D.E. 55]. To date, the second Defendant MGGM LLC has not yet appeared in this matter. Plaintiff has sent follow-up correspondence to said Defendant to prompt them to respond to this lawsuit.

**Plaintiff's Position:**

  As the October 30, 2020 discovery deadline [D.E. 47] is approaching, Plaintiff's counsel has made multiple written requests for Defendant Lemage Inc.'s Corporate Representative and Manager's available deposition dates, but opposing counsel Jason Mizrahi has unjustifiably refused to permit depositions at this time unilaterally stating "we cannot proceed with depositions until all other fact discovery … has been completed." There is no basis for Defendant's counsel's unilateral limitation, which was not imposed by this Court, and therefore, we request that the Court compel Defendant Lemage Inc. to produce their Corporate Representative and Manager for deposition within fourteen (14) days. Plaintiff's counsel has attempted multiple times to confer with opposing counsel via email to provide available deposition dates, but opposing counsel is currently refusing to provide any available deposition dates.

  Further, we would like to timely conduct a Rule 34 Inspection of the property prior to the discovery deadline, but again opposing counsel has stated that "we cannot conduct a site inspection until the landlord has appeared in this action." Since the landlord/defendant MGGM LLC has not timely appeared to date, we still need to timely complete our Rule 34 Inspection, and therefore, likewise request the Court to compel Defendant Lemage Inc. to permit us access to the property to conduct our Rule 34 Inspection prior to the approaching discovery deadline, especially considering that we had already agreed to reschedule from the originally noticed September 4, 2020 Rule 34 Inspection to accommodate opposing counsel's previous request. Again, while we have attempted to

accommodate Defendant Lemage Inc.'s counsel's request to wait until Defendant MGGM LLC has appeared to conduct the Rule 34 Inspection, including waiting the entire month of September, Defendant MGGM LLC has still not timely appeared in this matter, and we need to timely conduct our Rule 34 Inspection of the property prior to the upcoming discovery deadline. Plaintiff's counsel has attempted to confer with opposing counsel via email to provide any available Rule 34 Inspection dates, after graciously agreeing to postpone the originally noticed September 4, 2020 inspection date, but opposing counsel is currently refusing to provide any possible inspection dates.

With regard to Plaintiff's written discovery, which was propounded on Defendant Lemage Inc. several months ago, opposing counsel has also refused to supplement his incomplete responses to Plaintiff's Interrogatories, wherein he refused to respond to Interrogatory No. 2 requesting the specific nature and knowledge of his principal, failed to provide the names/addresses of all of the Defendant's corporate representatives and the specific nature of each of their interests in the premises in Interrogatory No. 3, failed to state in detail the substance of the opinion of their expert witness in Interrogatory No. 4, and finally the Interrogatory Responses were neither signed by the Defendant's corporate representative or properly notarized. In Defendant's response to Plaintiff's Document Requests, though Defendant did produce the requested lease, Defendant has failed to produce the documents requested in Document Request No. 6 requesting documents/invoices/receipts/checks which relate to all sums paid by defendant for remodeling or construction or alteration to the property since 1992, since 2003-2012 permits (which were produced) confirm that construction and/or alterations were completed at the premises. This response is significantly important to determine the readily-achievable standard, since renovations trigger certain ADA standards. Defendant's counsel's lack of compliance with our discovery requests by opposing counsel has unfortunately been consistent throughout this matter, as was specified by Plaintiff's counsel at the August 19, 2020 Status Conference, and despite multiple written attempts to confer with opposing counsel via email to provide available deposition dates, to provide available Rule 34 Inspection dates, and to supplement his written discovery responses (Plaintiff's counsel is willing to provide the Court with copies of said multiple emails attempting to confer with opposing counsel).

In addition, despite this Court referring this matter to mediation, opposing counsel is also refusing to set a mediation date with the assigned mediator, stating that "the parties cannot hold a mediation until the landlord has appeared in this action." However, since Defendant MGGM LLC's appearance is overdue, mediation should certainly not be stalled.

In summary, it is Plaintiff's counsel position that opposing counsel is unjustifiably attempting to limit Plaintiff's ability to timely conduct and complete discovery and/or proceed forward with the court-referred mediation.

**Defendant's Position:**

At the outset, it must be noted that Plaintiff's Position, *supra*, was filed in derogation of Local Civil Rule ("**LCR**") 37.2, and Your Honor's Individual Motion Practice Rule II(b). As the Court is well aware, LCR 37.2 and Rule II(b) ("**Good-Faith Effort to Resolve**") obligates Plaintiff's counsel to "confer in good faith in person or by telephone in an effort to resolve the dispute" prior to making any application. Notably, Plaintiff failed to include a representation that any meet-and-conferral attempt occurred, as required by Your Honor's Individual Motion Practice Rule II(b).

Plaintiff's counsel's attempt to shoehorn premature discovery disputes before the Court, in derogation of LCR 37.2 and Your Honor's Individual Motion Practice Rule II(b) is not an isolated occurrence. At the August 19, 2020 telephonic status conference, Your Honor directed Plaintiff's counsel to "meet and confer" about any remaining discovery disputes prior to making any applications to the Court. The undersigned attorney has reminded Plaintiff's counsel of his obligations in no less than six (6) written communications.

Now, in the parties' joint status letter, Plaintiff is misstating the parties' respective positions, and is raising a discovery disputes without ever having attempted to confer with Defendant's counsel.

Nor is Defendant Lemage Inc. is "stalling" the scheduling of any mediation. Absent the appearance of Defendant's landlord – MGGM LLC – the scheduling of a mediation solely between Lemage Inc. and Plaintiff would be a futile gesture. These parties had already attempted an unsuccessful settlement conference before the Honorable Magistrate Judge Katherine H. Parker on June 9, 2020. [*See* Dckt. No. 40]. The referral to this District's mediation program on August 20, 2020 [Dckt. No. 48] was made at the request of Plaintiff in light of his recently granted application to join the landlord – MGGM LLC, whom Plaintiff previously argued was an "indispensable party."

Separately, Plaintiff is ignoring the agreement reached in principle during the August 19, 2020 telephonic status conference, wherein the following colloquy took place:

> Mr. Mizrahi: I'm asking that we collectively agree to schedule one single site inspection following the landlord's appearance in the case. So we would only necessitate one expert site inspection with all the necessary parties, that way my client's business isn't going to be interrupted more than it needs to be in a time when the business is already in crisis. So it doesn't make sense to schedule one expert site inspection before the landlord even has an opportunity to appear in the case, otherwise we're going to be duplicating efforts in discovery here.

To which, Plaintiff's counsel responded:

> Mr. Weitz: I agree with even the request of Mr. Mizrahi to extend the site inspection, I have no problem with that since we've extended discovery… I am happy to move that to a convenient date.

This agreement in principle is in line with the December 19, 2019 Order of the Honorable Magistrate Judge Katherine H. Parker, whereby parties were permitted to "change interim deadlines without further application to the Court." [Dckt. No. 29].

Notwithstanding the foregoing, Defendant Lemage Inc. welcomes the opportunity to resolve any alleged discovery disputes with Plaintiff's counsel, pursuant to LCR 37.2 and Your Honor's Individual Motion Practice Rule II(b).

Thank you for your attention to this matter.

Sincerely,

| | |
|---|---|
| By: S/ B. Bradley Weitz<br>B. Bradley Weitz, Esq.<br>The Weitz Law Firm, P.A.<br>Bank of America Building<br>18305 Biscayne Blvd., Suite 214<br>Aventura, FL 33160<br>Telephone: (305) 949-7777<br>Facsimile: (305) 704-3877<br>Email: bbw@weitzfirm.com<br>Attorney for Plaintiff | By: S/ Eunon Jason Mizrahi<br>Eunon Jason Mizrahi, Esq.<br>Levin-Epstein & Associates, P.C.<br>420 Lexington Avenue, Suite 2525<br>New York, NY 10170<br>Telephone: (212) 792-0048<br>Facsimile: (212) 563-7108<br>Email: jason@levinepstein.com<br>*Attorneys for Defendant Lemage Inc.* |